[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 97-1147

 UNITED STATES,

 Appellee,

 v.

 DIANE C. EVANS,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Joseph A. DiClerico, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Stahl and Lynch, Circuit Judges. 

 

Richard N. Foley on brief for appellant. 
Paul M. Gagnon, United States Attorney, and Jean B. Weld, 
Assistant U.S. Attorney, on brief for appellee.

 

 MAY 8, 1997
 

 Per Curiam. Upon careful consideration of the briefs 

and record, we conclude that defendant's sentence properly

was enhanced for abuse of a position of trust under U.S.S.G.

 3B1.3. 

 We agree with the district court's interpretation of the

guideline terms, and we find no clear error in its

application of those terms to the facts of this case. See 

United States v. Tardiff, 969 F.2d 1283, 1289 (1st Cir. 

1992). The enhancement was fully supported by a showing

that defendant's position "provided the freedom to commit a

difficult-to-detect wrong." See id. The district court 

outlined the elements of defendant's position of private

trust with her employer, her actual use of that position to

commit and conceal her thefts, and the significant way in

which that position contributed to the misconduct, including

her primary and "managerial" responsibility for two accounts

and her transfers between those accounts to cover her thefts.

See U.S.S.G. 3B1.3, application note 1; United States v. 

Santiago-Gonzalez, 66 F.3d 3, 8 (1st Cir. 1995). 

 Affirmed. See 1st Cir. Loc. R. 27.1. 

 -2-